UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

WALTER WILLIAM HAUFLER ET AL       :        CASE NO.  2:25-CV-00889

VERSUS                             :        JUDGE JAMES D. CAIN, JR.

ADRIAN SIBLEY                      :        MAGISTRATE JUDGE LEBLANC

REPORT AND RECOMMENDATION

Before the court is *Plaintiffs' Motion to Dismiss and Remand* (the "Motion") [doc. 8], filed by plaintiffs Walter William Haufler and Ladonna Florin Haufler, or their successors in trust under the Haufler Family Living Trust, dated December 16, 1998, and any amendments thereto (collectively, the "Plaintiffs").

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.  After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART** and that this matter be **REMANDED** to the state court from which it was removed.  **IT IS FURTHER RECOMMENDED** that the additional relief requested in the motion be **DENIED AS MOOT**.

I.
BACKGROUND

This action commenced in this court when defendant Adrian Sibley filed a Notice of Removal, purporting to remove to this court a case then pending in Texas state court.  Doc. 1. Unofficial copies of court filings attached to the Notice of Removal indicate that the matter began in Harris County, Texas, as a Petition for Eviction whereby Plaintiffs sought to evict Adrian Sibley

1

and all other occupants of certain real property Plaintiffs claim to own in Friendswood, Texas. Doc. 1, att. 3. The removed state court matter is styled *Walter William Haufler and Ladonna Florin Haufler, or their successors in trust under the Haufler Family Living Trust, dated December 16, 1998 v. Adrian Sibley,* and bears case number 232200320056 or 1217589 Justice Court of Harris County, Texas, according to the allegations of the Notice of Removal (the "Texas Litigation"). Doc. 1.

Within 30 days of the Notice of Removal, Plaintiffs timely challenged its propriety on several bases, including untimeliness, inability of the plaintiff to establish the requirements for diversity jurisdiction, and the non-removability of Texas eviction actions. Doc. 8. In their Motion, Plaintiffs seek dismissal of this matter for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and/or remand. Defendant has filed no response to the motion to remand.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

2

The Notice of Removal asserts that this court may exercise diversity subject matter jurisdiction over the Texas Litigation under 28 U.S.C. § 1332.  The Notice of Removal further states that Adrian Sibley removes the Texas Litigation to this court pursuant to 28 U.S.C. §§ 1441, 1446, and 1447.  None of those statutes, however, allow a litigant to remove a Texas state court case to a United States District Court in Louisiana.

The general removal statute allows that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for ***the district and division embracing the place where such action is pending***."  28 U.S.C. § 1441 (emphasis added).  The United States District Court for the Western District of Louisiana embraces numerous parishes in Louisiana, but this court embraces no counties in Texas.  Harris County, Texas, is within the geographic bounds of the United States District Court for the Southern District of Texas.

When a removal is procedurally defective and timely challenged, remand is appropriate.  "[R]emoval to the incorrect judicial district is procedural error and does not divest the district court of jurisdiction over a removed action."  *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 550 (5th Cir. 2020).  When a removal is tainted by procedural defects and the plaintiff files a timely motion to remand, the "procedural defects require the action's being remanded to state court."  *Trahan v. United Specialty Ins. Co.*, No. CV 6:21-0383, 2021 WL 2251662, at *2 (W.D. La. May 11, 2021), *report and recommendation adopted,* 2021 WL 2229670 (W.D. La. June 2, 2021).

There being no question that the removal here was procedurally improper, the removing defendant has not borne the burden of demonstrating the procedural propriety of the removal. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).  Accordingly, it is recommended that this matter be remanded to the state court from which it was removed.

3

Defendants also raise a jurisdictional challenge to the removal, arguing that at the time of the state filing Plaintiffs and Defendant were all "residents" of the state of Texas, though Defendant appears to have now moved to Louisiana. Doc. 8, att. 1, p. 6. For diversity purposes, an individual's citizenship is determined by her domicile, and an allegation of residency, on its own, "does not satisfy the requirement of an allegation of citizenship." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) and *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Given the lack of clarity as to the citizenship of the parties at the relevant times (*i.e.*, was defendant domiciled in Texas, or merely resided there?) and the fact that plaintiffs are named as two individuals "or their successors in trust," the court has inadequate information to definitively address the citizenship of the parties at this time. Accordingly, the request to dismiss and/or to remand the matter for want of subject matter jurisdiction will not be addressed at this time.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART** and that this matter be **REMANDED** to the state court from which it was removed. **IT IS FURTHER RECOMMENDED** that the additional relief requested in the motion be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 16th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**